**NOT FOR PUBLICATION**



**FILED**

UNITED STATES COURT OF APPEALS

JUNE 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIRNA LETICIA LOPEZ, | No. 09-73391 |
| Petitioner, | |
| v. | BIA No. A075-483-122 |
| ERIC H. HOLDER, JR., Attorney General | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of
the Board of Immigration Appeals

Submitted February 4, 2014**
Pasadena, California

Before:     PREGERSON and BERZON, Circuit Judges, and AMON, Chief
District Judge.***

Petitioner-appellant Mirna Leticia Lopez petitions for review from a Board

of Immigration Appeals ("BIA") decision affirming an Immigration Judge's ("IJ")

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously finds this case suitable for decision without oral
argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Carol Bagley Amon, Chief Judge, United States District
Court for the Eastern District of New York, sitting by designation.

determination that she is not entitled to asylum, withholding of removal, or relief under the Convention Against Torture. Because Lopez failed to present evidence so compelling that a reasonable fact finder would have to find Lopez suffered past persecution or had an objectively reasonable fear of future persecution, we affirm the BIA's determination.

**(1)** "To establish past persecution, 'an applicant must show: (1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either 'unable or unwilling' to control.'" Sinha v. Holder, 564 F.3d 1015, 1020 (9th Cir. 2009) (quoting Navas, 217 F.3d at 655-56). If a petitioner fails to demonstrate past persecution, she can still show a well-founded fear of future persecution through "'credible, direct, and specific evidence in the record of facts that would support a reasonable fear of persecution.'" Rusak, 734 F.3d at 896 (quoting Duarte de Guinac v. INS, 179 F.3d 1156, 1159 (9th Cir. 1999)). This Court must "uphold the BIA's determination unless the evidence compels a contrary conclusion." Prasad v. INS, 101 F.3d 614, 617 (9th Cir. 1996) (citing INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). The BIA's determination "can be reversed only if the evidence presented . . . was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Elias-Zacarias, 502 U.S. at 481.

An applicant seeking to establish past persecution must show that the harm the applicant suffered was inflicted on account of a protected ground. Sinha, 564 F.3d at 1020. Persecution is not "on account of" a protected ground unless the persecution occurred "because of" a protected ground. Parussimova v. Mukasey, 555 F.3d 734, 739 (9th Cir. 2009). "Since the statute makes motive critical" an applicant "must provide some evidence of [motive], direct or circumstantial." Elias-Zacarias, 502 U.S. at 483 (emphasis in original).

Here, Lopez testified that she did not know who killed her family members or why they were killed. The temporal proximity between Lopez's father's warning and his murder is not circumstantial evidence that, standing alone, compels finding that her father was murdered on account of his political beliefs. The fact that two other politically-active family members were murdered over a period of years does not add to the quantum of proof in the absence of evidence of the motive for their murders or the identities of their killers. Accordingly, the evidence does not compel the conclusion that Lopez suffered harm on account of a protected ground.

**(2)**   The BIA also determined that Lopez failed to show a reasonable fear of future persecution. Although "acts of violence against a petitioner's friends or family members may establish a well-founded fear of persecution," the violence must "create a pattern of persecution closely tied to the petitioner." Korablina v.

3

INS, 158 F.3d 1038, 1043-44 (9th Cir. 1998). "Allegations of isolated violence are not enough" to demonstrate a pattern of persecution. Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir. 1991) (holding that the abduction of two geographically distant brothers did not support petitioner's claim of a well-founded fear of persecution). Additionally, a petitioner's claim to a well-founded fear of future persecution "is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed." Sinha, 564 F.3d at 1022 (emphasis in original) (internal quotation marks omitted).

Lopez's testimony has not established a pattern of persecution closely tied to her. As noted previously, the three murders she relies on occurred over the span of a decade, and Lopez did not know who killed her relatives or why they were killed. Since the BIA correctly determined that Lopez and her mother were similarly situated to each other, any claim of a well-founded fear is further undercut by the fact the Lopez's mother has not been harmed.

The dissent relies on Mgoian v. INS, 184 F.3d 1029 (9th Cir. 1999), but that case rested on considerations not here present. In Mgoian, the petitioner offered evidence that all of her principal family members were subjected to "forms of violence, persecution and harassment as members of the Kurdish-Moslem intelligentsia," and that "virtually the entire Mgoian family [had been forced] to flee Armenia." Mgoian, 184 F.3d at 1036-37. The petitioner herself was

4

personally insulted and threatened by her Armenian neighbors. Significantly, the petitioner was able to explain with certainty why her family was singled out for persecution; namely, the Kurdish-Moslem intelligentsia was viewed as an enemy of the Armenian nation. Id. Here, in contrast, the petitioner herself suffered no threats or insults; there is no evidence that her family members were targeted because of their political views, or that the events were even related; and at least one other member of Lopez's family with the same political affiliation lives in Guatemala unharmed.

In sum, there is no error in the BIA's determination that Lopez does not have an objectively reasonably fear of future persecution.

Because the BIA correctly determined that Lopez failed to demonstrate past persecution or a reasonable fear of future persecution, this Court affirms the BIA's denial of Lopez's asylum claim.

**PETITION DENIED.**

*Lopez v. Holder*, No. 09-73391

PREGERSON, Circuit Judge, dissenting:

I respectfully dissent. I agree that Lopez failed to demonstrate past persecution in Guatemala. But she did present compelling evidence of a well-founded fear of future persecution because of her political opinion. Accordingly, I would GRANT her petition to overturn the BIA's denial of asylum and REMAND.

Lopez's father, Herman Lopez Chapeton, was active in the Christian Democracy Party, where he rose to the position of General Secretary. Lopez was also active in the Christian Democracy Party, where she served as its Queen and as its Organizational Secretary.

In 1995, Lopez's father warned her that she was at risk as long as she stayed in Guatemala. Within months of the warning, Lopez's father was stabbed and bled to death in Guatemala. Two of Lopez's cousins, also involved in the Christian Democracy Party, were subsequently murdered in Guatemala: one was shot and killed in 1997, and the other was stabbed to death and his corpse burned in 2004.

The Guatemalan police failed to find the culprits responsible for the murders. Although it is unclear from the record whether the Guatemalan government is unable or unwilling to investigate these murders, Lopez believes that all three murders were connected to her family's political activity and, in particular, to her father's prominence within the Christian Democracy Party.

1

Lopez testified that "[t]here are still people who can still remember my father[,] so my cousins were killed in 1997 and the other one in 2004."

An asylum applicant "satisfies the subjective component [of a well-founded fear of future persecution] by credibly testifying that she genuinely fears persecution." *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998). The IJ made no finding on whether Lopez's fear was subjectively genuine. Neither the IJ nor the BIA made an adverse credibility finding. "[G]iven the absence of an adverse credibility finding by the BIA we must assume that [Lopez's] factual contentions are true." *Navas v. INS*, 217 F.3d 646, 657 (9th Cir. 2000).

Lopez left Guatemala within weeks of receiving her father's warning that she was "at risk." She has not returned. Lopez testified that she was afraid to return to Guatemala because she feared that she might be killed like her father and cousins. These facts require us to conclude that Lopez subjectively fears persecution in Guatemala.

To satisfy the objective component of a well-founded fear of future persecution, an applicant need not show that "she would be singled out individually for persecution" if she can establish a "pattern or practice" of "persecution of a group of persons similarly situated to [her] on account of . . . political opinion," and if she also establishes "her own inclusion in, and identification with, such group . . . ." 8 C.F.R. § 208.13(b)(2)(iii); *Mgoian v. INS*,

184 F.3d 1029, 1035 (9th Cir. 1999) (finding that a high-profile family can qualify as a persecuted group to establish objective fear).

In *Mgoian v. INS*, we found that the petitioner's fear of future persecution was objectively reasonable because "many of her closest relatives had been the victims of direct, and even deadly, attacks," resulting in the death of one of her uncles. *Mgoian,* 184 F.3d at 1033. The perpetrators of those attacks were never identified, largely because of the government's "failure to pursue an investigation," which the court found was evidence of the government's inability or unwillingness to protect Mgoian's family from persecution. *Id.* at 1036. This established a "pattern or practice" of persecution of Mgoian's family, even though Mgoian personally did not receive any threats. *Id.* at 1035. Mgoian was similarly situated to her family members who were attacked, as one of the "immediate members of a certain family," and also because they were all members "of the Kurdish-Moslem intelligentsia." *Id*. at 1036. Accordingly, the harm to Mgoian's family was part of a "pattern of persecution" rather than "isolated violence." *Id*.

Like Mgoian, Lopez has provided compelling evidence of an objectively reasonable fear of persecution. "[M]any of [Lopez's] closest relatives [have] been the victims of direct, and even deadly, attacks." *Mgoian*, 184 F.3d at 1033. Lopez attributes all three murders to her family's political activity with the Christian Democracy Party, particularly her father's former role as General Secretary of the

party. Lopez's leadership positions—as Queen and as Organizational Secretary—demonstrate that she is "similarly situated" to those in her family who were active in the Christian Democracy Party and were murdered.

Lopez also expressed her belief that, despite being unable to identify exactly who killed her family members or why, the culprits were motivated by her father's and cousins' membership in the Christian Democracy Party. This also establishes that the persecution of Lopez's family is on account of their political opinion. Moreover, Lopez is unable to identify who killed her family members because the Guatemalan police have failed to arrest or identify those responsible. Lopez, like Mgoian, should not be penalized for the government's inability or unwillingness to investigate these crimes and bring their perpetrators to justice. *Mgoian*, 184 F.3d at 1036.

In finding that Lopez has not provided circumstantial evidence of motive, the BIA and the majority ask for more than the law requires of an asylum applicant. An applicant need only provide "some evidence" of the motive of the agent of persecution, either "direct or circumstantial." *INS v. Elias-Zacarias*, 502 U.S. 478 (1992). Lopez has provided circumstantial evidence of her persecutor's motives based on political opinion—her father was murdered within months of his warning to Lopez—which is all she must provide. *See Sinha v. Holder*, 556 F.3d

4

774, 780 (9th Cir. 2009) (finding evidence of an attack's context sufficient circumstantial evidence of motivation).

The BIA and the majority also found Lopez's claim of objective fear weakened by the fact that her mother, who was Secretary Adjunct of the Christian Democracy Party, continues to live in Guatemala and has not been harmed. That Lopez's mother has not been harmed does not mean that Lopez herself faces no risk of persecution. The circumstance of similarly-situated relatives who *are* harmed "bolsters" a petitioner's claim of a well-founded fear of future persecution. *See Sinha*, 564 F.3d at 1022. Bear in mind that three of Lopez's family members have suffered the most irreparable harm of all: death. Lopez's three family members who were killed were also similarly situated to her, as fellow members of the Christian Democracy Party.

Even if Lopez faces a ten percent chance of harm, she may have a well-founded fear of being persecuted. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 440 (1987) ("There is simply no room . . . for concluding that because an applicant only has a 10% chance of being . . . persecuted, that he or she has no 'well-founded fear.'"). Lopez need not offer "proof that persecution is more likely than not." *Al-Harbi*, 242 F.3d at 888 (citing *Cardoza-Fonseca,* 480 U.S. at 431). Instead, she must demonstrate only that a reasonable person in her situation would fear persecution in Guatemala.

Because Lopez demonstrated a well-founded fear of future persecution in Guatemala on account of her family's political activity with the Christian Democracy Party, her case should be remanded to the BIA for an exercise of the Attorney General's discretion to determine whether Lopez should be granted asylum.